ABERT v. KORNFELD et al.

(Supreme Court, Appellate Division, First Department. November 13, 1908.)

1. MORTGAGES (§ 105*)—CONSTRUCTION AND OPERATION—COLLATERAL MORTGAGE.

Where a mortgage contained no reference to another mortgage executed and delivered simultaneously with it, while the latter mortgage was expressly declared to be not only collateral to the bond secured, but to the former mortgage, such former mortgage was the primary security.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 214; Dec. Dig. § 105.*]

2. MORTGAGES (§ 114*)—CONSTRUCTION AND OPERATION—AMOUNT SECURED.

A mortgage reciting that it was given to secure the payment of a certain bond, that it was agreed that it was given as collateral for a certain other mortgage, and that payments on the latter mortgage and all interest paid thereon should be credited on such former mortgage, and that on payment by mortgagor of a stipulated sum, which was less than the mortgage debt, with interest, the holder of such former mortgage would discharge it, was not security for the entire debt, but only for the amount required to be paid for its discharge.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 224; Dec. Dig. § 114.*]

Appeal from Special Term, New York County.

Mortgage foreclosures by Benjamin Abert against Charles Kornfeld, John Zeto, and others. Judgment for plaintiff, and defendant Zeto appeals. Judgment modified.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Julius J. Michael, for appellant.
Edward Herrman, for respondent Abert.
Hyman Cohen, for respondent Kornfeld.

LAUGHLIN, J. The action was brought for the foreclosure of two mortgages on real estate given by defendant Kornfeld to the plaintiff to secure the payment to plaintiff of the sum of $4,000, evidenced by a bond of even date with the mortgages. One parcel was an improved leasehold interest, and the other was vacant. The appellant, under a contract with the owner of the equity of redemption, has made valuable improvements on the vacant land, for which he

---

has not been paid, and he has filed a mechanic's lien therefor. The question presented by the appeal is whether the premises so improved by appellant were security for the entire amount. The trial court decided that the mortgage on the vacant land was collateral to the other, and directed the sale of the leasehold first, but also decided that both mortgages were security for the entire amount.

The mortgages bear the same date, and they were executed and delivered simultaneously. The mortgage on the leasehold was unquestionably intended as security for the full amount, and the trial court correctly decided that it was the primary security, for it contains no reference to the other mortgage, while the mortgage on the vacant land is declared in express terms to be not only collateral to the bond, but collateral to the other mortgage. The mortgage on the vacant land, after reciting the indebtedness and the substance of the bond, and that the mortgage was given "for the better securing the payment of the said sum of money mentioned in the condition of the bond or obligation, with interest," contains the following provisions, to wit:

"It is understood and agreed between the said parties hereto that this mortgage covering said premises hereinbefore described is given as further additional and collateral security of and for a certain mortgage made this 1st day of February, 1906, by the party of the first part unto the said party of the second part, and covering a leasehold interest of the said party of the first part in and to the certain premises 2365 Second avenue, in the city of New York, borough of Manhattan. And it is understood and agreed that any and all sums paid on the said last-mentioned mortgage, and any and all interest that may or shall have been paid upon the said last-mentioned mortgage, shall be credited to and be applied to the payment of this mortgage; and it is further understood and agreed that upon the payment by the said party of the first part unto the holder or owner of either the within mortgage or the said mortgage on the leasehold premises of the sum of one thousand ($1,000) dollars together with any accrued interest on the entire principal sum that may remain due upon the date of the payment of said sum of one thousand ($1,000) dollars, then and in that event the said party of the second part or the holder of the within mortgage shall and will cancel and discharge the within mortgage, together with the appurtenances and all the estate and rights of the mortgagor in and to said premises, and also all personal property appurtenant to the building erected on said premises and now contained therein or which may hereafter be contained therein."

It is urged by respondents that this mortgage also was intended as security for the entire debt, and that a personal privilege was given to the mortgagor of having the premises released on payment of a less amount as therein provided, which privilege could only be exercised before foreclosure, and could neither be exercised by nor inure to the benefit of his grantee or lienor. This argument is not convincing. The reasonable construction of the provisions quoted is, we think, that the mortgage was only intended as security for the amount required to be paid to obtain its cancellation and discharge.

It follows that the judgment should be modified, by limiting the application of the proceeds of the sale of the premises covered by the mortgage containing the clause quoted to the sum of $1,000 and accrued interest on the entire principal, with costs to appellant. All concur.